IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division



**ISAIAH AL'VON HOLLOMAN,**

    **Petitioner,**

v.                                 **CRIMINAL ACTION NO. 4:14-CR-68**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## *MEMORANDUM OPINION AND ORDER*

Before the Court is Petitioner Isaiah Holloman's Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 32. For the following reasons, Petitioner's Motion is **DENIED**.

### I. FACTUAL AND PROCEDURAL HISTORY

On January 14, 2015, Petitioner pled guilty to one count of Receipt of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2). ECF No. 14. On April 15, 2015, the Court sentenced Petitioner to 160 months imprisonment to be followed by twenty-five years of supervised release. ECF No. 27. Petitioner has been incarcerated since November 21, 2014, and has a projected release date of April 2, 2026. ECF No. 39, Ex. A.

Petitioner, now twenty-seven years of age, is currently serving his sentence at FCI Butner Low. ECF No. 36. On July 24, 2020, Petitioner filed a *pro se* emergency motion for compassionate release based on the current COVID-19 pandemic. ECF No. 32. In support of his motion, Petitioner expressed concerns that his underlying health conditions with sporadic bronchitis and borderline obesity put him at grave risk for severe illness if he contracts COVID-19. ECF No. 36.

1

The Court appointed counsel to represent Petitioner and on August 27, 2020, Petitioner's counsel supplemented Petitioner's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF Nos. 33, 36. The Government filed a response in opposition on September 10, 2020. ECF No. 39. Petitioner then submitted a reply to the Government's response on September 17, 2020. ECF No. 43. As such, this matter is ripe for disposition.

## II. LEGAL STANDARD

### A. The Exhaustion Requirement

A district court may modify a petitioner's sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ("BOP") to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, a petitioner seeking compassionate release is generally required to exhaust his or her administrative remedies prior to bringing a motion before the district court. *Id.*; *see also Coleman v. United States*, 2020 WL 3039123, at *3–*4 (E.D. Va. June 4, 2020) (discussing the reasons "judicial waiver of the exhaustion requirement is permissible in light of the extraordinary threat certain inmates face from COVID-19").

### B. The Compassionate Release Standard

As amended by the FIRST STEP Act, a court may modify a term of imprisonment on the motion of the petitioner after considering the factors set forth in 18 U.S.C. § 3553(a) if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). "Extraordinary and compelling reasons" was previously defined by the United States Sentencing Commission ("Sentencing Commission") in U.S.S.G. § 1B1.13, Application Note 1. Before the passage of the FIRST STEP Act, the Sentencing Commission provided that a sentence may be

2

modified due to the petitioner's medical condition, age, or family circumstances and further defined the limits under which a sentence reduction may be given under those justifications. U.S.S.G. § 1B1.13, n. 1 (A)–(C). The Sentencing Commission also provided a "catch-all provision" that allowed for a sentence modification upon a showing of "extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* at n. 1 (D). Use of the "catch-all provision" prior to the FIRST STEP Act was severely restricted because it required approval from the Bureau of Prisons before an individual could petition the district court for relief. *Id.*

However, U.S.S.G. § 1B1.13 is now outdated following the passage of the FIRST STEP Act, which allows individuals to petition the district court directly without clearance from the Bureau of Prisons. Therefore, U.S.S.G. § 1B1.13 is merely advisory and does not bind the Court's application of § 3582(c)(1)(A). *McCoy v. United States*, 2020 WL 2738225, at *4 (E.D. Va. May 26, 2020); *see also United States v. Lisi*, 2020 WL 881994, at *3 (S.D.N.Y. Feb. 24, 2020) ("[T]he Court may independently evaluate whether [petitioner] has raised an extraordinary and compelling reason for compassionate release ... [but § 1B1.13's policy statement] remain[s] as helpful guidance to courts...."); *United States v. Fox*, 2019 WL 3046086, at *3 (D. Me. July 11, 2019) ("[T]he Commission's existing policy statement provides helpful guidance on the factors that support compassionate release, although it is not ultimately conclusive"). A petitioner's rehabilitation standing alone does not provide sufficient grounds to warrant a sentence modification. 28 U.S.C. § 994(t). In sum, the Court may consider a combination of factors, including but not limited to those listed in U.S.S.G. § 1B1.13, in evaluating a petitioner's request for a sentence modification under 18 U.S.C. § 3582(c)(1)(A)(i).

## III. DISCUSSION

### A. The Exhaustion Requirement

The Court finds, and the Government admits, that Petitioner has exhausted his administrative remedies prior to bringing his motion. On June 17, 2020, Petitioner submitted an administrative request for compassionate release, which the BOP denied on June 22, 2020. ECF No. 39, Ex. B. On July 3, 2020, Petitioner filed a Request for Administrative Remedy seeking reconsideration of the previous denial, which the BOP also denied on July 8, 2020. *Id.* Therefore, Petitioner has satisfied the exhaustion requirement within § 3582(c)(1)(A) due to the following findings: (1) 30 days have elapsed since each of his administrative requests for relief from his sentence were filed with the BOP; and (2) Petitioner's administrative requests for a sentence modification have all been denied.

### B. The Compassionate Release Standard

1. *Consideration of the Factors Listed in 18 U.S.C. § 3553(a)*

In its consideration of the factors listed in 18 U.S.C. § 3553(a), the Court notes the seriousness of the conduct leading to Petitioner's conviction for Receipt of Child Pornography. As indicated in the statement of facts accompanying Petitioner's guilty plea, Petitioner sought out, accessed, viewed, solicited, and further shared hundreds of images of child pornography along with videos depicting minors engaged in sexually explicit conduct including instances of sadistic or masochistic abuse by an adult. ECF No. 16. Petitioner engaged in this conduct in an on-going fashion utilizing multiple electronic devices. *Id.* Based on the foregoing, Petitioner's conduct strongly implicates the need for a sentence "to reflect the seriousness of the offense…and to provide just punishment" as well as a need for deterrence. § 3553(a)(2)(A)–(B).

Moreover, "federal courts have been disinclined to grant compassionate release to petitioners convicted of crimes involving child pornography, even for vulnerable petitioners during the COVID-19 pandemic, citing potential dangerousness" to the safety of the community. *See Coleman*, 2020 WL 3039123, at *4 (E.D. Va. June 4, 2020) (citing cases with heightened risk of reoffending when petitioners lacked indications of rehabilitation, wanted to return to the location of their offense upon release, and had easy access to electronic devices). However, regardless of the offense at issue, a sentence should not unnecessarily "include incurring a great and unforeseen risk of severe illness or death brought on by a global pandemic." *United States v. Zukerman*, 451 F.Supp.3d 329, 336 (S.D.N.Y. Apr. 3, 2020) quoting *United States v. Rodriguez*, 451 F.Supp.3d 392, 407 (Apr. 1, 2020). Accordingly, the Court finds that while offense conduct may inform the Court's discretion in deciding a motion for compassionate release and determining the appropriate conditions of release, such a motion may not be denied simply because of the underlying offenses.

However, the Court is concerned that Petitioner's release plan does not adequately protect the public from the potential of a subsequent offense involving child pornography. See 18 U.S.C. § 3553(a)(2)(C); U.S.S.G. § 1B1.13(2). Petitioner committed the initial offense while residing with his parents and did so undetected for a period of at least four months. Petitioner has served just over fifty percent of his statutory term, and his release plan would have him return to his parents' home—the same location in which the initial offense occurred. ECF No. 39 at 14, Ex. A.

In further evaluation of the § 3553(a) factors, the Court recognizes that Petitioner has kept a clean disciplinary record and has completed educational programs in science, math, and Spanish. ECF No. 36, Ex. 4. Petitioner has also engaged in occupational training, completing a 300-hour HVAC program, electrical training, industrial sewing, and various workplace safety programs. *Id.*

However, after full consideration of the § 3553(a) factors, the Court concludes that the purposes of Petitioner's sentence remain unfulfilled.

## 2. *Evaluation of "Extraordinary and Compelling Reason"*

The Court now turns to whether Petitioner has set forth extraordinary and compelling reasons to modify his sentence because of the grave risk COVID-19 poses to individuals with underlying health conditions. During the COVID-19 pandemic, federal courts around the country have found that compassionate release is justified under certain circumstances. *Zukerman*, 2020 WL 1659880, at *4 *citing Perez*, 2020 WL 1546422, at *4; *United States v. Colvin*, 2020 WL 1613943, *4 (D. Conn. Apr. 2, 2020); *United States v. Rodriguez*, No. 2:03-CR-00271-AB-1, 2020 WL 1627331, at *7 (E.D. Pa. Apr. 1, 2020); *United States v. Jepsen*, No. 3:19-CV-00073 (VLB), 2020 WL 1640232, at *5 (D. Conn. Apr. 1, 2020); *Gonzalez*, 2020 WL 1536155, at *3; *United States v. Muniz*, No. 4:09-CR-0199-1, 2020 WL 1540325, at *2 (S.D. Tex. Mar. 30, 2020); *United States v. Campagna*, No. 16 CR. 78-01 (LGS), 2020 WL 1489829, at *3 (S.D.N.Y. Mar. 27, 2020). Unlike the petitioners in the aforementioned cases however, Petitioner fails to set forth compelling and extraordinary reasons to justify his release.

Petitioner seeks release based on the prevalence of positive COVID-19 cases at FCI Butner Low; his inability to effectively practice social distancing and observe appropriate precautions recommended by the Center for Disease Control (CDC); and his underlying health concerns, which he contends put him at increased risk of serious illness from contracting COVID-19 while in prison. ECF No. 36 at 7-10. Specifically, Petitioner states that he suffers from borderline obesity with a Body Mass Index (BMI) of 28.6, sporadic bronchitis, a previous exposure to tuberculosis, and at least one elevated blood pressure reading. *Id.* at 8.

While the Court understands the magnitude of the COVID-19 pandemic and its unique

6

effect on prisons, the mere existence of the virus, without more, is not enough to establish extraordinary and compelling reasons. *See United States v. Carter*, No. 2:19-CR-00078, 2020 WL 3458598, at *5 (S.D.W. Va. June 25, 2020) (noting that while any number of COVID-19 cases within a prison is of great concern, "a generalized assertion of the existence of the pandemic alone cannot independently justify compassionate release"). Specific to each petitioner, the Court examines the CDC's list of risk factors for severe COVID-19 complications when assessing compassionate release motions during the pandemic. *United States v. Lewellen*, 2020 WL 2615762, at *4 (N.D. Ill. May 22, 2020).

Here, Petitioner is twenty-seven years old and does not suffer from any underlying medical conditions recognized by the CDC that put him at a higher risk for serious illness if he contracts COVID-19. While the CDC lists obesity as a medical condition that may cause an "increased risk of severe illness from COVID-19,"[1] the Court recognizes that Petitioner is not obese as Petitioner's BMI is only 28.6. Petitioner also asserts that he suffers from sporadic bronchitis as documented in the Presentencing Report from March 17, 2015. However, this report described Petitioner as "physically healthy" and stated that he had not experienced attacks requiring an inhaler in the prior two to three years. ECF No. 30 at 14. Additionally, Petitioner does not claim he has suffered any complications from his sporadic bronchitis nor does he cite to any evidence of treatment for this condition at any point during his nearly six years of incarceration. *See* ECF No. 36 at 7-8. Furthermore, Petitioner also claims he is at increased risk of contracting COVID-19 from a previous exposure to tuberculosis and an elevated blood pressure reading. However, his medical records provide no indication that Petitioner has been diagnosed with either tuberculosis or

---

[1] *People with Certain Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION (Sept. 11, 2020)https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (obesity defined as having a body mass index of 30 or higher).

7

hypertension. *See* ECF No. 39, Ex. C. Lastly, the Court notes that Petitioner's medical records indicate that he tested positive for asymptomatic COVID-19 in early June 2020, which was resolved in July 2020. *Id.* Accordingly, Petitioner's medical records do not support claims that his underlying health conditions make him particularly susceptible to serious illness from contracting COVID-19. Therefore, Petitioner has failed to identify extraordinary and compelling reasons, and the Court declines to grant Petitioner a sentence reduction at this time.

### IV. CONCLUSION

For the foregoing reasons, Petitioner's Motion is **DENIED**.

The Clerk is **DIRECTED** to send a copy of this Order to the Petitioner, the United States Attorney, the United States Probation Office, the Federal Bureau of Prisons, and the United States Marshals Service.

**IT IS SO ORDERED.**

Newport News, Virginia
October 5, 2020

Raymond A. Jackson
United States District Judge
UNITED STATES DISTRICT JUDGE